# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

SECOND DISTRICT—MAY TERM, 1886.

## SAMUEL E. HOLTZMAN
### v.
## JOSEPH HOY.

1. ACTION FOR DAMAGES AGAINST PHYSICIAN—EVIDENCE.—In an action on the case against a physician and surgeon, to recover damages for the want of ordinary care, caution and skill in his management and treatment of a broken leg, evidence to establish his reputation as an ordinarily skillful and learned physician and surgeon is inadmissible.

2. WHAT IS REQUIRED OF PHYSICIAN.—The law does not require of physicians and surgeons the highest degree of skill, but it demands that they shall possess the ordinary skill of those engaged in the profession, and treat their patients with ordinary skill and care, and exercise their best judgment.

3. INSTRUCTIONS.—An instruction that " mere expressions of opinion by defendant to plaintiff as to the condition of his leg, and that it was doing all right, should not be considered by the jury in deciding as to whether the previous treatment of plaintiff's leg had been proper," was properly refused.

ERROR to the Circuit Court of Livingstone county ; the Hon‑ FRANKLIN BLADES, Judge, presiding. Opinion filed June 8, 1886.

Messrs. STEPHENSON & EWING, for plaintiff in error ; that a physician is only bound to possess the ordinary skill and learning possessed by those ordinarily learned and skillful in

his profession, and to exercise his best care and skill, cited 1 Hilliard on Torts, 225; Leighton v. Sargent, 7 Foster, 460; Teft v. Wilcox, 6 Kan. 61; Branner v. Storment, 9 Kan. 51; Simons v. Henry, 39 Me. 155; Quinn v. Donovan, 85 Ill. R. 194; McClelland's Civil Malpractice, 215; McNevins v. Lowe, 40 Ill. 210; Ritchey v. West, 23 Ill. 385; Fisher v. Niccolls, 2 Bradwell, 484.

Messrs. STRAWN & PATTON, for defendant in error; that evidence of the physician's reputation as an ordinarily skillful physician and surgeon was inadmissible, cited Boydston v. Giltner, 3 Oregon, 118; Williams v. Poppleton, 3 Oregon, 139; Leighton v. Sargent, 11 Foster (N. H.), 120; Mertz v. Detweiler, 8 W. & S. 376.

BAKER, J. This was an action on the case, brought by Joseph Hoy, defendant in error, against Samuel E. Holtzman, plaintiff in error, to recover damages for the want of ordinary care, caution and skill by Holtzman, as a physician and surgeon, in his management and treatment of the broken leg of Hoy, *per quod* it failed properly to unite, and united only by an infirm flexible ligament.

The verdict and judgment were against Holtzman for $2,500 damages.

There was quite a sharp conflict in the testimony with reference to the actual facts of the treatment bestowed. The accounts given by Hoy and the several witnesses introduced by him in regard to the conduct and management of the attempted cure of the fracture, were different in several important and material points from the history of the treatment as detailed by the attending surgeon. A large number of expert witnesses were introduced by each of the parties to the suit, and there was not any very considerable degree of disagreement in their testimony. The substance of the expert evidence seems to be that upon the hypothesis the management of the case was as stated by the witnesses for Hoy, then it was not ordinarily skillful and careful; while upon the hypothesis that the facts were as insisted by Holtzman, then ordinary skill and care were bestowed.

We are unable to say, upon a consideration of the whole testimony, that it does not sufficiently support the verdict.

Plaintiff in error offered upon the trial evidence to establish his reputation as an ordinarily skillful and learned physician and surgeon, but an objection was sustained thereto and an exception taken. We think the ruling of the court was right. The issue before the jury was in respect to the propriety of the treatment in the particular case under investigation; and if want of ordinary skill or negligence in that case were shown, it would have been no answer to say the physician and surgeon had a good reputation for skill and learning. In Metz v. Detweiler, 8 Watts & Serg. 376, the Supreme Court of Pennsylvania say: "It may be said that his general qualifications might serve to shed light on the propriety of his practice in this particular instance; but it is a light which would be less likely to lead to a sound conclusion than to lead astray. The jury, assisted by the opinions of medical witnesses, would be better able to judge of the treatment from the treatment itself than from the more remote consideration of the defendant's professional reputation, which was consequently not the best evidence of which the case was suscepti. ble." See also Leighton v. Sargent, 11 Foster, 119. It may also be remarked, that a question regarding professional reputation was only propounded to two witnesses, Dr. Allen and Dr. Gaylord; in the first instance, upon objection being made, it was withdrawn without being passed upon by the court; and in the second instance the question not only called for the reputation of plaintiff in error with the medical profession, but in the community; and it would seem that in any view of the matter the reputation of the physician in the community at large would be an improper element for consideration.

It is also urged that six of the instructions submitted by plaintiff in error were improperly refused.

While the law does not require of physicians and surgeons the highest degree of skill, yet it does demand of them that they shall possess the ordinary skill of those engaged in the profession, and treat their patients with ordinary skill and

care, and exercise their best judgment. One of the instructions given by the court, at the instance of the defendant below, was, that if such defendant "used ordinary skill and care in the treatment of plaintiff's fracture, and while so using such care and skill made a mistake in judgment, then he is not liable for the result of such mistake." So far as the first refused instruction was proper, it was a mere repetition of the legal principle contained in this instruction; as to the residue of the instruction it was argumentative, and might properly have been refused on that ground. We are of opinion, however, it was otherwise vicious, for by it the court was asked to tell the jury "that there is no issue made by plaintiff; that the defendant is not a reasonably or ordinarily learned and skillful physician and surgeon, etc., and if he exercised his best skill and judgment, etc., then he is not liable." This was calculated to mislead the jury, for the logic of it was that he must have exercised the ordinary and usual skill of his profession, simply because he possessed it. Besides, we do not understand it to be an admitted fact of the case that the doctor was possessed of the required degree of skill. While no count of the declaration proceeds upon the distinct ground he did not possess the ordinary skill of his profession, yet they all are based upon the theory he failed to exercise such ordinary skill. If evidence proves or tends to prove more than is necessary, yet it is proper if it proves or tends to prove the point that is really at issue. If, in the treatment of this particular case, such gross ignorance of the business of a surgeon had been shown as to establish the fact beyond doubt that the physician had not the degree of skill usual to the profession, or no knowledge of it at all, such evidence would clearly have been responsive to the issue formed. In other words, if there was a want of ordinary skill in the treatment, then it was wholly immaterial whether the default arose from an absolute lack of skill and knowledge, or from mere neglect to use the skill actually possessed; and we think that neither the one nor the other of these views of the case should have been excluded from the consideration of the jury by an instruction.

The counts in the declaration do not set out specifically wherein the want of skill and negligence consisted. We must therefore look to the evidence in order to ascertain the particular grounds of complaint. They seem to arrange themselves under five heads: *i. e.*, that the Liston splints were taken off too soon; that the surgeon knew at the time the first plaster of paris bandage was applied to the fractured leg, that it was composed of poor material, and did not furnish a firm ·support, and that it was negligence or malpractice to leave the femur without such support for about twenty-four hours; that the second plaster of paris bandage was permitted to be·ome loose, so that it was insufficient to hold the broken bone in place; that the surgeon directed the patient to stand upon and use the broken leg before there was any bony union, and when there were no sufficient supports to hold the fractured parts of the broken femur in position; and that after the broken leg had failed to properly unite, and there was only a ligamentary union, the surgeon failed to inform him the union was only ligamentary and advised a surgical operation, but told him the leg was all right, and that he would walk without crutches within a year. There was a conflict in the testimony bearing upon this latter ground of complaint; and the court asked, in the second refused instruction, to charge the jury that if they believed from the evidence that defendant told plaintiff that the union of his broken leg was only ligamentous, and not bony, and that it would be necessary to have an operation in order to procure bony union, and advised such operation, and that defendant, up to that time, had exercised the ordinary skill of a surgeon in ?attending upon the broken leg, then the jury should find defendant not guilty. The principle that but ordinary skill was required of plaintiff in error was fully announced in the 1st, 6th, 10th and 11th instructions given on his motion; and the principle that the failure to secure a proper union must be traceable to some default of the surgeon was clearly stated in the 8th, 9th, 10th and 12th instructions so given. The only difference between this refused instruction and those referred to was, that the former singled

out one of the five supposed instances of malpractice, and told the jury that if they found for plaintiff in error as to *that*, then, if there was ordinary skill as to the other supposed delinquencies, the verdict should be, not guilty. Each one of the other claimed delinquencies might just as well, and in the same way, have been made the basis of a similar and separate instruction. We are unable to say that the action of the court in refusing it was erroneous.

The ruling upon the third refused instruction was proper. It singled out several circumstances in evidence and ignored others of equal importance bearing upon the same point, and told the jury that these selected circumstances should be considered, thereby giving them undue prominence.

The fourth refused instruction was as follows: "Mere expressions of opinion by defendant to plaintiff as to the condition of his leg, and that it was doing all right, should not be considered by the jury in deciding as to whether the previous treatment of plaintiff's leg had been proper." There is considerable testimony to show that statements of the kind indicated were made frequently, and all along during the treatment. The result shows they were incorrect; and there is evidence tending to prove that such statements, in many instances, were not justified at the times when made by the then existing state of things and condition of the limb of the patient. If plaintiff in error did not at the times of these several statements have knowledge of the true condition of his patient to the extent that a surgeon of ordinary skill and learning would be required to know from his examinations, then we are unable to see why such want of knowledge and incorrect diagnosis is not competent testimony tending to prove a want of ordinary and usual skill, learning and care in the management of the case.

We think the instruction was properly refused.

The substance of the fifth refused instruction is to be found in the 1st, 8th, 9th, 10th and 12th instructions given for plaintiff in error; and there was therefore no error in refusing it.

The sixth refused instruction was vicious for the same rea-

son the third was; and it was also argumentative; and so far as it announced any correct rule of law, it was covered by other instructions.

The series of twelve instructions that were given on behalf of the plaintiff in error presented the law of the case as favorably and fully as was necessary; and it was not the duty of the trial court to repeat again and again, but in variant forms, legal principles already announced in other instructions.

We find no error that should reverse the judgment, and it is therefore affirmed.

Affirmed.