## SARAH A. PETTIGREW v. LEWIS & WILLARD.

PHYSICIAN AND SURGEON — *Malpractice — Damages — Evidence.* In an action for malpractice against physicians and surgeons to recover damages for an alleged unskillful and negligent operation upon the plaintiff's eye, which resulted in injury and disease, the plaintiff must affirmatively prove that the injury and disease were produced by the operation, and that the defendants did not exercise ordinary skill and care in performing the operation. Proof that the plaintiff's eyes have become weak and sore since the operation was performed is insufficient to establish a liability against the defendants.

### *Error from Elk District Court.*

THE opinion states the material facts. Judgment for defendants, *Willard* and another, at the October term, 1888. The plaintiff, *Pettigrew*, brings the case here.

*J. D. McBrian*, for plaintiff in error.

*A. M. Jackson*, for defendants in error.

The opinion of the court was delivered by

JOHNSTON, J.: Sarah A. Pettigrew brought an action against J. F. Lewis and J. F. Willard, partners as Lewis & Willard, to recover damages in the sum of $5,000, alleged to have resulted from a negligent, careless and unskillful operation performed on her eye by Willard. She alleged that defendants held themselves out to the public as skillful surgeons, well qualified to perform operations upon the eyes and to treat the same; that she had an affection of one eye, called strabismus, and that the defendants undertook to straighten the eye, but performed the operation in such a negligent, careless and unskillful manner that her eye became sore and weak, rendering her unable to complete her education or to perform ordinary household work. She avers that she has suffered and still suffers great physical pain in consequence of the unskillful operation and treatment, which has continued to increase since the time of the operation. The answer of the defendants was a general denial. The parties proceeded to a trial upon the issues formed, but after the plaintiff had concluded her evidence, the court sustained a demurrer thereto, holding that it was insufficient to establish a liability against the defendants or either of them, and gave judgment accordingly.

The plaintiff complains, and urges that the testimony offered by her was sufficient to take the cause to the jury. The sufficiency of the evidence is the only question that we need to consider. Plaintiff offered proof to show that an operation was performed on her left eye by Doctor Willard, on January 16, 1886; that prior to the operation her eye was strong and in good condition, except as to the affection of strabismus. The operation was successful so far as straightening her eye was concerned, but she stated that afterward neither the eye operated on nor the right eye was as strong as before. She stated that sometime after the operation she had what she

called "a spell of sore eyes." The lids were afterward some-
what inflamed, and her eye watered when she was out in the
wind or cold. When she returned to school she found her
eyes were weak, and that it was necessary to bring objects
closer to her in order to see clearly. It further appeared,
however, that her father, brother and sister were afflicted with
sore and defective eyes. Was the proof sufficient to sustain
a cause of action against the defendants? We agree with the
district court, that it did not show the operation to have been
unskillfully and negligently performed; nor yet, that the
present condition of her eyes was the result of the operation
that was performed. No proof was offered of the instru-
ments used or the manner in which the operation was per-
formed. No medical or scientific evidence was offered showing
the cause of the present condition of the plaintiff's eyes, nor
that the defendants were negligent or careless in the perform-
ance of the operation. In fact, no witnesses having special
skill or knowledge with reference to the treatment of the eyes
were introduced in behalf of the plaintiff. The burden rested
on the plaintiff to show a want of due care, skill and dili-
gence in the operation, and that the defective condition now
existing is the result of such want of care, skill and dili-
gence. The defendants were not held to the exercise of the
highest degree of skill, nor as warranting a cure. It is clear
from the evidence that there was no special contract to that
effect; and while something is claimed by the defendants on
account of a variance between the pleadings and proof, we
agree with the claim of the plaintiff, that the doctor, having
undertaken the operation, was held to the exercise of due care
and skill.

"His contract as implied in law is, that he possesses that
reasonable degree of learning, skill and experience which is
ordinarily possessed by others of his profession; that he will
use reasonable and ordinary care and diligence in the treat-
ment of the case which he undertakes; and that he will use
his best judgment in all cases of doubt as to the proper course
of treatment. He is not responsible in damages for want of
success, unless it is shown to result from a want of ordinary

skill and learning, and such as is ordinarily possessed by others of his profession, or from want of ordinary care and attention. He is not presumed to engage for extraordinary skill, or for extraordinary diligence and care, nor can he be made responsible in damages for errors in judgment, or mere mistakes in matters of reasonable doubt or uncertainty." ( *Tefft v. Wilcox,* 6 Kas. 46; *Branner v. Stormont,* 9 id. 51; 14 Am. & Eng. Encyc. of Law, 78.)

There was no proof, however, of a want of skill or care on the part of the defendants; and negligence cannot be presumed. The mere fact that the plaintiff's eyes have been weak and sore since the operation was performed, does not prove negligence in the defendants, nor establish a liability against them. To maintain her action, the plaintiff should have offered the evidence of skilled witnesses to show that the present condition of her eyes was the result of the operation, and that it was unskillfully and negligently performed.

"This evidence must, from the very nature of the case, come from experts, as other witnesses are not competent to give it, nor are juries supposed to be conversant with what is peculiar with the science and practice of the professions of medicine and surgery to that degree which will enable them to dispense with all explanations." ( *Tefft v. Wilcox,* supra.)

"The question whether a surgical operation has been unskillfully performed or not is one of science, and is to be determined by the testimony of skillful surgeons as to their opinion, founded either wholly on an examination of the part operated upon, or partly on such examination and partly on information derived from the patient; or partly on such examination, partly on such information, and partly on facts conceded or proved at the trial." (McClelland, Civil Malpractice, 304.)

It would have been easy for the plaintiff to have submitted to an examination by an experienced physician or oculist capable of determining whether the condition of her eyes was the result of the operation, and whether that operation was performed with reasonable skill and care. Cases may arise where there is such gross negligence and want of skill in performing an operation as to dispense with the testimony of professional

witnesses, but not so in the present case. It is not conceded or proved that the weakness of her eyes had materially resulted from the operation; and even if it was, the questions would still arise: Was she in a fit physical condition to undergo the operation? Did the defendants, before beginning the operation, make due examination to determine her condition and the necessity for an operation? Was the operation performed in a careful and skillful manner? What was the standard of professional skill and scientific knowledge required of these men in that locality? Was the after-treatment, and were the directions given for the subsequent care of the eye, such as would meet the approval of the profession in its present advanced condition? If a mistake was made, was it a case of reasonable doubt or uncertainty, or a mere error in judgment for which there is no responsibility? It was the duty of the defendants "to exercise ordinary care and skill; and this being a duty imposed by law, it will be presumed that the operation was carefully and skillfully performed, in the absence of proof to the contrary. As all persons are presumed to have duly performed any duty imposed on them, negligence cannot be presumed, but must be affirmatively proved. This principle is especially applicable in suits against physicians and surgeons for injuries sustained by reason of alleged unskillful and careless treatment." (*The State v. Housekeeper,* 70 Md. 171.)

The present condition of her eyes may be attributed to many other causes. It may be the result of disease contracted in that vicinity, or from misuse and improper exposure of her eyes; or, it may be an hereditary complaint similar to that with which her brother, sister and other members of the family were afflicted. Whatever may be the cause, we cannot say that it is the result of the fault or negligence of the defendants. The operation may have been performed at a suitable time, with proper instruments, and in the most skillful and efficient manner, and yet have failed; and in the absence of competent proof, showing that the defect in plaintiff's eyes was due to a want of ordinary care and skill on the part of

the defendants, the district court ruled correctly in sustaining the demurrer to the evidence. (See *Getchell v. Hill*, 21 Minn. 464; *McCandless v. McWha*, 25 Pa. St. 95; *Leighton v. Sargent*, 7 Fost. 460; *Holtzman v. Hoy*, 19 Ill. App. 459: *Vanhooser v. Berghoff*, 90 Mo. 487; *The State v. Housekeeper*, 70 Md. 162; Whart. & S. Med. Jur., § 766.)

The judgment of the district court will be affirmed.

All the Justices concurring.