*Robeson & Yount,* for the defendant.

---

## EVIDENCE NECESSARY TO ESTABLISH MALPRACTICE.

[Superior Court of Cincinnati, Special Term.]

### DANIEL A. SMITH v. A. M. AND MARK A. BROWN.

Decided, April 10, 1902.

*Malpractice—Nature of Proof Necessary to Establish—Negligence or Unskillfulness can not be Assumed—Damages.*

In an action for damages for malpractice, there must be proof by the testimony of experts of some specific act of unskillfulness or negligence to entitle the plaintiff to recover. Testimony of a character which might permit the jury to *assume* that there was negligence or unskillfulness is not a sufficient basis for recovery.

JACKSON, J.

At the trial of this case the jury rendered a verdict of $1,500 in favor of the plaintiff. The plaintiff's action was for damages on account of the alleged malpractice or negligence of the defendants as surgeons or physicians in treating plaintiff for a broken arm. The evidence tended to show that plaintiff had received a compound fracture of the arm near the elbow, and that he has not entirely recovered from the injuries. There was evidence tending to show that defendants had discharged the plaintiff as cured, whereas his arm now shows a permanent injury. There was, however, no evidence tending to show in what particulars the defendants had been guilty of negligence in treating plaintiff for his broken arm.

The plaintiff called no expert witness to prove that any acts of the defendants in treating the plaintiff were unskillful. It was therefore left to the jury to say from the nature of the injury, and from the fact that there had been no recovery and from the evidence tending to show that plaintiff was discharged as cured, whether or not the treatment of defendants was unskillful and / negligent.

I am now satisfied that such evidence was not sufficient to warrant a verdict for the plaintiff. To entitle a plaintiff to recover in such an action, he must prove some *specific act* of unskillfulness or negligence, and this must be done by the testimony of experts. It must not be left to the jury to assume that there was negligence in the absence of such testimony.

In *Craig* v. *Chambers,* 17 O. S., 259, which was an action for damages for malpractice by a physician, the court said: "The evidence tended to show no *specific act* of negligence, from the nature of which injury to the patient might be inferred." And further the court said: "An injury is not presumed, and must be proved."

In *Tefft* v. *Wilcox,* 6 Kan., 46 (an action for malpractice), the court said: "This evidence must, from the very nature of the case, come from experts, as other witnesses are not competent to give it, nor are juries supposed to be conversant with what is peculiar with the science and practice of the profession of medicine and surgery to that degree which will enable them to dispense with all explanations."

The same proposition is stated even more forcibly in McClelland's Civil Malpractice, 304, which is referred to with approval in 46 Kan., 81.

At the trial of the case at bar a number of experts testified on behalf of defendants that due care and skillfulness had been used by defendants, but there was no testimony by experts on behalf of plaintiff.

Therefore, as the defendants did not guarantee a cure, the verdict can not be allowed to stand, and the motion for a new trial will be granted.

*Herman J. Witte,* for plaintiff.

*L. W. Goss,* for defendants.