No. 19,789.

NELLIE STOUT, *Appellant,* v. CHARLES E. BOWERS and THOR JAGER, *Appellees.*

SYLLABUS BY THE COURT.

1.    PHYSICIANS—*Malpractice—Expert Witness — Proper Cross-examination.*    Where an expert witness testifies and founds his opinion on standard medical authorities, it is competent for the opposing party in cross-examining him to read from the authorities on the subject in question and to ask him if he agrees or disagrees with the opinions· expressed by the authors.

2.    NEW TRIAL—*Excluded Evidence—Must be Produced on Motion.*    In order to obtain a review of a ruling excluding evidence, the excluded evidence must be produced at the hearing of the motion for a new trial, by affidavits or other competent testimony.

3. MALPRACTICE—*Physicians—Evidence—Case for Jury.* In this case, where the defendants, who are physicians and surgeons, are charged with negligence in the diagnosis, operation and treatment of the plaintiff for certain ailments, it is held that the testimony produced by plaintiff was sufficient to take the case to the jury.

Appeal from Sedgwick district court, division No. 1; THOMAS C. WILSON, judge. Opinion filed January 8, 1916. Reversed.

*William Keith, Monroe Wright,* and *Dempster O. Potts,* all of Wichita, for the appellant.

*S. B. Amidon, Jean Madalene,* and *S. A. Buckland,* all of Wichita, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: Nellie Stout brought this action against Charles E. Bowers and Thor Jager, who are physicians and surgeons, to recover $5000 damages for their alleged negligence in diagnosing her ailment and in performing a surgical operation upon her. She alleged that she was brought to them for an examination and that they kept her under observation for about seven days, but that they did not apply the customary and approved tests and methods in the diagnosis of her case; that later, upon a superficial examination, they negligently advised her that her illness was appendicitis and that the removal of the appendix would restore her to normal health. She alleged that the operation was performed and the appendix was removed when it was not diseased and was not the cause of her illness. She further stated that it was apparent at the operation that other abdominal organs were deranged, that there was a condition of ptosis, or falling, of part of the intestines, which should have been tacked up and otherwise remedied, but that defendants closed the incision without attaching the intestines which were too freely mobile, as they were in duty bound to do. She further alleged that the operation did not cure her ailment, and that an operation was subsequently performed by other surgeons who found the same conditions as existed when the defendants operated; that the state of ptosis existed; and that when the intestines were attached to the walls of the abdomen the plaintiff was

relieved of her ailment and soon recovered her health. The defendants in their answer alleged that the operation was skillfully done and that an operation for ptosis was unwarranted. When the evidence of plaintiff had been introduced the defendant challenged its sufficiency, but their demurrer to her evidence was overruled. The defendants introduced their testimony, much of which was expert in character, and when they had concluded the court on their motion took the case from the jury and directed a verdict in favor of the defendants.

The first complaint is that plaintiff was not allowed to show the condition developed by the subsequent operation and the fact that it resulted in effecting a cure. While the plaintiff might have given testimony as to some of the palpable facts, she was not qualified to testify as to the skill exercised in the operation, no more than in the one performed by the defendants. It was competent for her to state any manifest conditions observable by any one, but only witnesses who have special skill and knowledge are competent to testify as to her ailment or as to what was required in the way of surgery or treatment. (*Sly v. Powell,* 87 Kan. 142, 123 Pac. 881.) It would seem that one having special skill and training might give testimony as to the conditions existing at the time of the different operations upon the plaintiff, the treatment required, and the effects resulting from the operations. The testimony of Doctor Welsh, who is an expert, upon some of these matters was offered and excluded. However, the excluded evidence was not produced on the motion for a new trial as the code requires and hence the rulings excluding it are not open to review. (Civ. Code, § 307.)

There is a complaint that the defendants were permitted to read medical books to the jury in the course of the trial. It has been held that medical books are not admissible in evidence to establish the declarations or opinions which they contain. (*The State v. Baldwin,* 36 Kan. 1, 12 Pac. 318.) However, experts are permitted to give opinions based in part on the information obtained from medical works prepared by experts of acknowledged ability and which are recognized as authorities. So witnesses are permitted to state what they have found laid down in such works and upon which they found their opinions. In

this case the medical works were not introduced as affirmative evidence, but were only used in the cross-examination of the witnesses to test their knowledge and credibility. One of the recognized methods of testing the knowledge of an expert witness who founds his opinions on standard medical authorities is to read from those authorities upon the subject in question and interrogate him as to whether his opinions coincide with those expressed in the books and whether there is not a conflict between the opinions he then gives and the views expressed by the authorities upon which he relies for information. (*Conn. M. L. Ins. Co. v. Ellis, Adm'r*, 89 Ill. 516; *Louisville, New Albany and Chicago Railway Company v. Howell*, 147 Ind. 266, 45 N. E. 584; *Egan v. Dry Dock, E. B. & B. R. R. Co.*, 12 App. Div. 556, 42 N. Y. Supp. 188.)

The remaining question is whether the testimony offered in behalf of plaintiff was sufficient to take the case to the jury. It is true, as defendants contend, that they can not be held liable if it appears that they possessed a reasonable degree of skill and learning in medicine and surgery, and that they used ordinary skill and care in the diagnosis, operation and treatment of the plaintiff. (*Erastus Tefft v. Hardin H. Wilcox*, 6 Kan. 46; *Sly v. Powell*, 87 Kan. 142, 123 Pac. 881.) Much testimony of an expert character was produced as to the professional skill of the defendants and which tended to prove that the operation was properly performed, and further that an operation for ptosis of the bowels was not approved surgery and was not warranted in plaintiff's case. On the other hand, if testimony was produced by plaintiff which fairly tended to prove the essential facts stated in the petition as to defendants' negligence, although it may have been weak and inconclusive as compared with that produced by the defendants, the ruling directing a verdict in favor of defendants can not be upheld. If the demurrer to plaintiff's evidence could not be sustained a verdict against her could not be directed, because of conflicting evidence subsequently produced in behalf of the defendants. Her case might have been strengthened by the testimony offered in their behalf, but on the motion to direct a verdict the *prima facie* case made by her testimony could not be weakened or destroyed by theirs. In behalf of the plaintiff Doctor Welsh testified that the op-

eration demonstrated that plaintiff was suffering from complicated ptosis, that the cæcum was very much distended, and that it was so mobile that it dragged on the wall of the pelvis. He further stated that there was a bend or kink in the small bowel which empties into that portion of the colon called the ileum, and caused an intestinal obstruction. He stated that the appendix was properly removed but that it was not the real cause of plaintiff's illness; that it was the abnormal condition of the bowels, and that the defect was apparent and should have been remedied when the operation for appendicitis was performed. He testified that the operation for appendicitis did not afford the plaintiff relief, but that when the obstruction was subsequently removed she was relieved from pain and began to improve at once. His testimony was to the effect that simple ptosis does not require an operation, but that in a case of complicated ptosis, from which plaintiff was suffering, an operation is necessary, and that the defendants were negligent in failing to make a more complete examination of plaintiff's condition and to have operated for ptosis. According to his testimony, the defendants did not make a thorough examination for defects or obstructions of the bowels when the incision was made, although they did examine and observe the condition of the cæcum, the stomach, gall bladder, ovaries and uterus, and were advised by the witness that the condition of the bowels would cause plaintiff trouble and should be corrected. In view of his testimony, it can not be said that the plaintiff did not make a *prima facie* case of negligence on the part of the defendants, and the fact that her testimony was opposed by much that was given by doctors of larger experience was no reason for taking the case from the jury. The testimony raised a substantial question of fact whether the defendants exercised ordinary care and skill in the premises, which was for the determination of the jury and not the court. The mere fact that the witness was led to say, in answer to one question on cross-examination, that the defendants made a mistake of judgment and may have acted according to their best judgment did not destroy the testimony tending to show that the defendants failed to use reasonable and ordinary care in the case.

The judgment will be reversed and the cause remanded for a new trial.