No. 24,308.

Mrs. S. W. Saylor, *Appellant*, v. Charles H. Brady, *Appellee.*

SYLLABUS BY THE COURT.

Negligence—*Physician — Malpractice — Evidence — Demurrer.* In an action for damages for malpractice where plaintiff offered no competent evidence of negligence on the part of the defendant the court properly sustained a demurrer to the evidence.

Appeal from Labette district court; Elmer C. Clark, judge. Opinion filed December 8, 1923. Affirmed.

*C. J. Taylor,* of Parsons, and *William H. Foulke,* of Garner, Ark., for the appellant.

*T. M. Brady,* and *E. L. Burton,* both of Parsons, for the appellee.

The opinion of the court was delivered by

Harvey, J.: This is an action for damages for malpractice. The trial court sustained a demurrer to plaintiff's evidence, and she appealed.

Plaintiff offered no expert evidence to show negligence. It is the general rule in malpractice cases that the negligence in the treat-

ment, which it is claimed caused the injury, must be shown by physicians or by medical witnesses called as experts. *Pettigrew v. Lewis*, 46 Kan. 78, 26 Pac. 458; *Sly v. Powell*, 87 Kan. 142, 123 Pac. 881; *Stout v. Bowers*, 97 Kan. 33, 154 Pac. 259; *Paulich v. Nipple*, 104 Kan. 801, 180 Pac. 771; *James v. Grigsby*, ante, p. 627.

The claim of negligence here made was, that in performing a surgical operation upon plaintiff the defendant made the incision too long and in an improper place; that he used defective catgut in sewing up the wound and failed to use proper means to cause the wound to heal, and that he failed to give proper advice and proper treatment after the operation. Obviously, to entitle plaintiff to recover it was necessary for her to offer testimony, by some witness who knew something of medical science, and that means a physician or surgeon, tending to show what length of incision was proper in the operation performed, where it should be made, what were the proper means to use to cause the wound to heal, or what constituted proper advice or treatment after the operation.

The medical witness called by plaintiff testified he had no judgment as to what was the proper treatment in plaintiff's case and could form no opinion thereon without knowing the circumstances of the case, such as the nature of the operation performed by defendant upon her, the condition of the wound, and the condition of the patient. These were not stated to him in a hypothetical question and his judgment asked thereon, nor was the negligence of the defendant shown in any way by any witness familiar with medical science.

In *Pettigrew v. Lewis*, supra, it was said:

"Cases may arise where there is such gross negligence and want of skill in performing an operation as to dispense with the testimony of professional witnesses." (p. 81.)

If, in performing a surgical operation, a metallic spring twelve inches long were sewed up in the abdomen (*Wharton v. Warner*, 75 Wash. 470), or a jaw bone broken in pulling a tooth was given no treatment of any kind (*Eichholz v. Poe et al.*, 217 S. W. 282 [Mo.]), perhaps medical evidence would not be necessary to show negligence, but we have no such situation here.

Appellant argues that after the operation, and especially after plaintiff left the hospital, defendant did not visit plaintiff as frequently as he should have done, and did not give her proper advice

and treatment. The same difficulty is found here as before discussed. There is no evidence by anyone competent to testify on the subject as to the period of time visits should have been continued, in the condition plaintiff was in at that time, nor what advice was proper to give under the circumstances.

The most favorable aspect in which to view evidence offered in behalf of plaintiff is to say that some of it tended to show an unsatisfactory result. There was evidence tending to show an imperfect healing of the wound, resulting in what is spoken of by physicians as a "surgical hernia," which will perhaps necessitate a secondary operation to relieve plaintiff; but there is no evidence that such an unsatisfactory result could have been prevented by different treatment than that given, nor that the condition of the patient was such that the secondary operation would have been advisable any time soon after the major operation. In addition to that, the mere showing of an unsatisfactory or poor result is not sufficient to make a physician liable in damages. (*Tefft v. Wilcox,* 6 Kan. 46; *Paulich v. Nipple,* 104 Kan. 801, 180 Pac. 771.)

The contract of a physician in the treatment of a patient, implied in law, is that the physician possesses the learning and skill ordinarily possessed by men of his profession in the community in which he practices and that in the treatment of his patient he will use such learning and skill with ordinary diligence and care. (*Branner v. Stormont,* 9 Kan. 51; *English v. Free,* 205 Pa. St. 624, and cases previously cited.) When he does this he is not liable in damages, even though the results are not good.

Finding no error in the case the judgment of the court below is affirmed.