No. 29,939.

THE ST. LOUIS RUBBER CEMENT COMPANY, *Appellant*, v. JESSE F. COOKE, doing business as THE COOKE RUBBER COMPANY, *Appellee*.

(4 P. 2d 462.)

Opinion filed November 7, 1931.

*H. G. Wierenga,* of Kansas City, for the appellant.

*J. H. Brady, N. E. Snyder,* both of Kansas City, and *H. E. Fredman,* of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an action to recover $536.71 on account for merchandise sold defendant by plaintiff. Defendant set up a counterclaim in the sum of $1,875. The jury's verdict was for defendant for $506.84. Plaintiff has appealed.

The judgment was rendered December 7, 1928. The motion for a new trial was overruled February 16, 1929, but the order was set

aside a few days later, at plaintiff's request, to allow the filing of affidavits. On April 4, 1930, no affidavits having been filed, the motion was again overruled. On May 6 plaintiff moved to set aside that order, and on the 14th plaintiff's counsel filed his affidavit. On May 17, 1930, the trial court sustained plaintiff's motion to set aside the order of April 4 and made an order again overruling plaintiff's motion for a new trial. On June 12 plaintiff served notice of appeal on counsel for defendant, but did not file it with the clerk of the district court until October 7, 1930. This was within the six months allowed for appeal after the final ruling on the motion for a new trial, but was twenty-two months after the verdict and judgment. In this situation we can consider only the errors alleged with respect to the overruling of the motion for a new trial.

From such record as is presented it appears that plaintiff is engaged in the manufacture of a friction cloth or tape, known to the automobile tire and accessory trade as Osnaburg. Defendant was engaged in the automobile accessory business and had purchased from plaintiff Osnaburg to the amount of the account sued on. Defendant admitted owing the account, but as a counterclaim averred that in September, 1926, defendant offered to furnish plaintiff the name of a dealer at Dallas, Tex. (with whom defendant's father-in-law was connected), who could and would use large quantities of plaintiff's product, and to aid plaintiff in procuring that dealer as a customer of plaintiff for a commission of one and one-half cents per yard for the goods sold; that plaintiff agreed to pay such commission if defendant aided plaintiff in securing such customer; that defendant did secure the customer, who purchased a large quantity of such material, about 125,000 yards, from plaintiff. Plaintiff first answered this counterclaim by a general denial, but after the trial was in progress filed an amended reply in which it was admitted that it proposed to pay defendant one and one-half cents a yard for all Osnaburg defendant sold for it, provided it was sold in carload lots, and alleged that neither defendant nor the dealer at Dallas, Tex., ordered Osnaburg in carload lots. Defendant testified that he was to receive the commission on the merchandise sold without regard to whether it was ordered in carload lots. There was also evidence tending to show that the order had been made by the Dallas firm in sufficient quantity that it could have been shipped in carload lots, but plaintiff was not then prepared to ship that quantity, and the shipments went forward in less than carload lots.

The principal question in the case when the trial started was whether the agreement to pay a commission to defendant, as claimed by him, was made. The variation made in this by the amended reply of the plaintiff simply presented a controverted issue as to the quantity of the order. There was also the further question as to how much had been sold by plaintiff to the Dallas firm on which defendant would be entitled to a commission.

Appellant complains of the reading of affidavits as the depositions of absent witnesses. When the case was called for trial defendant presented a motion for continuance upon the ground of the absence of two witnesses. This motion was supported by the affidavit of the defendant, which set out the testimony which defendant believed the witnesses would give if present, and the efforts made to have their testimony, and the transcript shows "counsel for plaintiff made the admission that said witnesses would so testify if present, and thereupon the cause was proceeded with." The record also discloses that when this motion was presented the court stated that a continuance would be granted for a few days to enable the defendant to have the witnesses present, or take their depositions, unless plaintiff was willing to agree to the reading of the affidavits as the depositions of those witnesses, and that plaintiff's counsel, after consulting with his client, announced in open court that they would proceed with the trial. After the trial of the case had progressed for some time defendant offered, as the depositions of the absent witnesses, the pertinent portions of the affidavit above mentioned. Plaintiff's counsel objected to the reading, and contended that he had never consented that they be read as the depositions of the witnesses. The court ruled otherwise, and complaint is now made of that ruling. It was not erroneous. The statute (R. S. 60-2934) specifically provides for the procedure which was had. Under the circumstance with which he was then confronted plaintiff could not exercise his option to proceed with the trial without agreeing that the affidavit be read as the depositions of the witnesses.

The appellant did not abstract the proceedings of the trial. Some excerpts from the transcript are embodied in the affidavit of plaintiff's counsel in support of the motion for a new trial. Some of the language of the affidavit is disrespectful to the court and opposing counsel, and on the whole it is contumacious in the extreme. It might well have been stricken from the files for these reasons. Appellant complains that the court paid no attention to this affidavit

in ruling on the motion for a new trial. If that is true it was not error. But the record discloses that the court "read the affidavit" and "was well and fully advised in the premises." One of the grounds of plaintiff's motion for a new trial was misconduct on the part of the court. Obviously the affidavit was filed in support of that ground. It is not necessary to set out in detail the complaints made in the affidavit. Many of them are petty and extremely trivial. Others of them clearly show that counsel for plaintiff did not comprehend or understand the rulings or attitude of the court, and on the whole there is nothing of substance to the complaint. In some respects the record discloses that the court indulged plaintiff's counsel to a greater extent, and gave more consideration to him than he was entitled to receive.

The judgment of the court below is affirmed.