No. 30,977.

J. N. HUNTER, *Appellant,* v. O. L. GREER, *Appellee.*

(22 P. 2d 489.)

Opinion filed June 10, 1933.

*Joe W. Moss,* of Independence, for the appellant.

*Sullivan Lomax,* of Cherryvale, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: This is an action to recover a balance due on a promissory note made by defendant in favor of one Wright and indorsed to plaintiff. The defendant admits the execution of the note but claims his signature thereto was obtained by fraud and misrepresentations made by the plaintiff, who was his agent in the transaction in which the note was given. Defendant alleges he paid on the note $156 before he discovered the fraud and prays for the recovery of that amount. The case was tried to a jury and judgment was rendered for defendant for $156, interest and costs, and plaintiff appeals.

Defendant owned a farm in Missouri and employed plaintiff to find a buyer for it. Plaintiff, through another real-estate agent by the name of Wright, effected an exchange of the farm with one Campbell for a garage. A contract was executed in which subsequent interlineations were said to have been made by agreement, but the consummation of the exchange was delayed. During this delay it is alleged by defendant that plaintiff told defendant that Campbell would not pay his agent, Wright, a commission, and plaintiff suggested that defendant had made a good deal and might facilitate the closing of it by giving his note to Wright for $200. He did so, and Wright indorsed the note to plaintiff on an account due plaintiff, and the payments of the $156 were made to plaintiff. Defendant alleged these representations about Campbell not being willing to pay Wright his commission were false because he did pay it with a $200 check as soon as the deal was closed. Plaintiff admits making such statements to defendant except that they concerned one-half of the Wright commission of $400, Campbell paying $200 and the defendant, by this arrangement, to pay the other $200. Whether the representations were for the defendant to pay the whole or only half of the Wright commission is where the difference and the falsity and fraud arise in the case.

The first assignment of error is upon the rejection of competent evidence pertinent to the issues in the case. This refers entirely to the testimony of E. C. Wright and to three particulars in connection therewith, two on cross-examination and the other on direct examination, when plaintiff had later called Wright as his own witness to develop the matters he was not permitted to bring out in cross-examination. Wright, on direct examination by defendant, had stated he was the agent for Campbell in the exchange of properties, and he identified the contract for the exchange and a check for $200 made to him by Campbell on which he had received the money. Both exhibits were introduced in evidence.

The trial court sustained the objection of the defendant to the question of plaintiff upon cross-examination, asking witness if there was not a rider attached to that contract, as not being proper cross-examination. The theory of the plaintiff is that this cross-examination was proper because the contract had been introduced in evidence with the understanding that the final written contract with the amendments to it which had been made in writing was not obtainable. That evidently was not the understanding of the trial court after an extended inquiry made by the trial judge of the attorneys on both sides of the case, as shown by the abstract, before admitting the contract in evidence; and no evidence was offered by either party showing any amendment of the contract.

The other question to which the objection, as not being proper cross-examination, was sustained was to explain how Campbell happened to give him the $200 check. This plainly was not proper cross-examination, neither was the former as to a rider on the contract, in the light of the information given the court by the attorneys on both sides of the case before its admission. At the close of defendant's testimony, the burden being on him, the plaintiff called Wright as his own witness and by appropriate questions sought to develop these matters, especially about the $200 check received from Campbell being just for half of the commission due him from Campbell for making the exchange. The trial court sustained objections to questions of this character on the ground of their being incompetent, irrelevant and immaterial. We have difficulty in reaching the same conclusion as the trial court did in sustaining these objections. But if it was error to sustain the objections, the matter is not properly here on review for this court to so determine, for the reason that the evidence excluded was not

produced at the hearing of the motion for a new trial, by affidavit or otherwise, as required by R. S. 60-3004 and as sustained by numerous decisions.

"A ruling excluding evidence is not open to review unless such evidence is produced on the motion for a new trial by affidavit, deposition or oral testimony." (*Clark v. Morris*, 88 Kan. 752, syl. ¶ 2, 129 Pac. 1195.)

"Rule followed that the exclusion of evidence cannot be a basis on which to establish reversible error, unless the excluded evidence is brought into the record in conformity with the civil code." (*Peoples State Bank v. Hoisington Mercantile Ass'n*, 118 Kan. 61, syl. ¶ 6, 234 Pac. 71. See, also, *Scott v. King*, 96 Kan. 561, 152 Pac. 653; *Stout v. Bowers*, 97 Kan. 33, 154 Pac. 259; and *Cox v. Chase*, 99 Kan. 740, 163 Pac. 184.)

Appellant seriously objects to instructions ten and thirteen as being erroneous statements of the law and prejudicial to his interests.

The objection to instruction ten is that it stated that if the jury was convinced by the fair weight and preponderance of the evidence that the plaintiff did represent to the defendant that the deal could not be consummated unless he paid the commission to Mr. Wright, as alleged by defendant, then the verdict should be for the defendant, urging that the issues not being as to having made such representations, except as to it being the whole commission, because plaintiff admitted making the representations with the modification as to its being only half of the Wright commission, but the issue was whether or not such representations were false and untrue, which element was not mentioned in that connection. We think there would be merit to appellant's contention if the last half of instruction ten should be considered alone, but the first part of the instruction fully covers the matter of the necessity of the representations being false and fraudulent, where the jury was instructed that if the defendant fails to convince you by a preponderance of the evidence that the plaintiff did make certain false and fraudulent representations as alleged, the verdict should be for the plaintiff. A reading of both parts of the instruction together and not disconnectedly shows the necessity of the representations being found to be false and untrue before a verdict could be rendered for defendant. Besides in the preceding instruction the court, after enumerating the defenses made to the note held by the plaintiff, among which was that of the representations being false and fraudulent, the court concluded by saying if no defense is substantiated by a preponderance of the evidence then the jury should return a verdict for the

plaintiff and against the defendant. The instructions given should be considered as a whole, and it is not the rule to single out an instruction as defective because of a missing element if that element is found in another part of that instruction or in other instructions given in the case.

"It is not a fair basis for reversible error to single out an instruction and show that it lacks one element to make it a complete statement of the law, when it clearly appears that the missing element was repeatedly given in other instructions and where the jury could not have been misled by the criticized instruction." (*Glahn v. Mastin,* 115 Kan. 557, syl. ¶ 2, 224 Pac. 68.)

Instruction thirteen is also criticized because where it spoke of defendant relying upon the representations made by the plaintiff, it did not tell the jury that the defendant should use ordinary diligence himself to determine the truth of the representations when the facts were open to his observation and investigation. This criticism is capable of being answered in the same way as the objections to instruction ten, by referring to instruction six where the jury was told just what appellant says was lacking in instruction thirteen and in almost the exact language of his requirement, closing with the following sentence, that defendant "cannot close his eyes to plain existing facts and rely upon the statements made to him."

Appellant earnestly argues that the verdict is contrary to law for the reason that the representations alleged to have been made by plaintiff to defendant were in effect that the written contract of exchange between defendant and Campbell could not be enforced unless defendant paid Campbell's commission to Wright. Authorities are cited in support of such doctrine, but that was not the theory of the defendant in this case on the evidence introduced which the jury evidently accepted. There is nothing in the evidence about the contract being unenforceable as a matter of law. But there is evidence of each party obtaining from the other some additional property or concession after the contract was first executed. The evidence shows the defendant procured a modification of the contract in his favor for a month's rent, estimated as being worth $100, and some gasoline and oil valued at $100 more. Later the evidence shows that Campbell was not satisfied unless he could be saved from paying all or part of what he owed Wright as commission. Concessions are often made where contracts are strictly enforceable in order to hurry up the closing of the deal or to avoid the expense of

enforcing them. Without any evidence that nothing but the enforcement of the contract was involved, the contention of the appellant is not well taken.

Two other reasons for reversal of the judgment are assigned by appellant, viz., that the verdict is contrary to the evidence and the overruling of the motion for a new trial because the verdict had been procured by corruption. There was sufficient evidence, if believed by the jury, to support the verdict. As to the claim of the verdict having been procured by corruption, an affidavit was presented to the trial court on the hearing of the motion for a new trial stating that the affiant heard the defendant say immediately after the rendition of the verdict in his favor that he had lied while on the witness stand and had obtained the verdict because he had been able to out-lie the witnesses on the other side. The trial judge was the one to determine what credence should be given to this affidavit, and this court, on review, is unable to say he did not fully consider it in finding, as he did, that it should not disturb the result. The motion for new trial was overruled and we find no error in such ruling.

The judgment is affirmed.