No. 36,685

BETTY MOYER, a minor, by Percy H. Moyer as next friend, *Appellant*, v. DOLESE BROTHERS COMPANY and GEORGE E. BLANCHAT, *Appellees*.

(178 P. 2d 270)

Opinion filed March 8, 1947.

*Harold H. Malone,* of Wichita, argued the cause, and *D. Emmett Foley,* of Wichita, was with him on the briefs for the appellant.

*Richard Jones,* of Wichita, argued the cause, and *A. W. Hershberger, J. B. Patterson, Enos E. Hook,* and *William P. Thompson,* all of Wichita, were with him on the briefs for the appellees.

The opinion of the court was delivered by

PARKER, J.: The appeal in this case is from the order denying the plaintiff a new trial. The jury returned a verdict for the defendants in the action brought by the plaintiff to recover damages for the wrongful death of her husband resulting from a collision in the intersection of two city streets, of an automobile in which she and he were riding, and a truck.

The first contention of the plaintiff is that the trial court erred in giving an instruction which reads:

"You are further instructed that it is the duty of one in charge of an automobile approaching an intersection to look for other traffic within the range of his vision and to govern the operation of his vehicle as reasonable prudence may require under the circumstances.

"You are further instructed that a motorist approaching an intersection

will be held to have seen what he should have seen, and what there was nothing to prevent him from seeing, and if he looks and fails to see an oncoming automobile in plain view, and nevertheless proceeds, he is guilty of negligence.

"You are further instructed that, if the driver of the Moyer car did see the Dolese truck in the intersection, and having seen said truck, proceeded forward through the intersection, his conduct fell below the standard to which he should have conformed for his own protection, and he is, therefore, guilty of contributory negligence."

The plaintiff asserts that the error incident to the giving of the instruction arises by reason of the wording of the last paragraph thereof and that the inclusion of such paragraph in the instruction was the equivalent of directing a verdict for the defendants. The plaintiff further contends that for all practical purposes the giving of the instruction No. 14 nullified the other instructions theretofore given relative to the duties of the defendant truck driver and that its language was inconsistent and could not be harmonized with the language used in other instructions.

The instruction complained of was given following the introduction of evidence which disclosed that the plaintiff's husband was driving east on Douglas avenue in Wichita, Kan., about eight o'clock one morning, accompanied by the plaintiff. As they approached the intersection of Water street a truck, being driven by the defendant, George E. Blanchat, and owned by the defendant, Dolese Brothers, was approaching Douglas avenue from the north on Water street. Blanchat testified that when he reached the north edge of the intersection the traffic light facing him was green, which testimony was confirmed by two witnesses for the defendants, and denied by two witnesses for the plaintiff who testified that when Blanchat entered the intersection the traffic light facing him had turned amber. The jury was not requested to answer special questions and consequently we cannot speculate as to which witnesses the jury saw fit to believe. We can only observe that the verdict of the jury resolved all controverted questions of fact in favor of the defendants. The evidence further disclosed that when the defendant truck driver entered the intersection two east-bound cars on Douglas avenue either were or had been waiting for the light facing them to change from red to green and that when the light changed the two cars moved forward a few feet and then stopped to allow the truck driver to complete the passage through the intersection. According to the testimony of the plaintiff, she

had observed the two east-bound cars which were waiting at the intersection when she was a half block west of the intersection. She and her husband continued east preparatory to entering the intersection to the south or right side of the waiting cars. Her husband shifted gears and entered the intersection at a speed of ten to fifteen miles per hour. He drove past the two cars which were waiting for the truck to proceed through the intersection, with the result that the car in which the plaintiff was riding either ran into the truck or was struck by the truck. Conflicting testimony was introduced as to the view being obstructed by the waiting cars and as to the condition of the brakes on the truck. The defendants' evidence, which the jury was justified in believing, also was to the effect that the defendant truck driver was traveling south on Water street between twelve and fifteen miles an hour, with good brakes on his truck; that he entered the intersection on the green light, looked east and west before entering the intersection; that the first time he saw the car in which plaintiff was riding was when it pulled out in front of two parked cars and that he pulled his truck to the left and "slapped" on his brakes.

1. Consideration of the question whether the last paragraph of instruction No. 14 was erroneous leads to analysis of the wording of the instruction. We note that it is predicated upon the jury finding that the driver of the car in which the plaintiff was riding "did see" the truck "in the intersection" and having seen said truck, "proceeded forward through the intersection." Undoubtedly, the last paragraph would have been improved if the court had repeated the phrase contained in the two preceding paragraphs that it applied to one in charge of an automobile "approaching an intersection" or to one about to enter an intersection.

After giving extended consideration to the question, however, we are unable to conclude that the failure to include in the last paragraph the above-quoted phrase resulted in the jury being misled or confused by the instruction. The paragraph was a part of an instruction all of which applied only to the duty of one about to enter an intersection. The plaintiff's theory of the case is that the two cars on the left which she and the deceased passed before entering the intersection obscured their view of the truck and that they did not and could not see the truck until they were in a position of peril which created an emergency and that, therefore, neither the plaintiff nor her deceased husband could be charged with contributory

negligence because he may not have taken the wisest course. The trial court, however, gave an instruction which covered, in part at least, the plaintiff's theory. Instruction No. 16 reads as follows:

"You are further instructed that the decedent would not necessarily be guilty of contributory negligence as would bar recovery if he could not have and did not observe the Dolese truck at the time he entered the intersection, if you believe from the evidence that under the circumstances the ordinary prudent person could not have and would not have observed said truck in time to avoid injury."

The record before us fails to disclose that the plaintiff requested the court to give an additional instruction pertaining to conduct in an emergency. Also, we observe that the giving of instruction No. 16, in substance, made instruction No. 14 inapplicable if the jury had seen fit to accept the plaintiff's factual theory of the case to the effect that she and the deceased could not have and did not observe the truck in the intersection at the time they entered the same. The court gave the jury twenty-five separate instructions. Examination of the same reveals that the rules of law generally applicable to negligence and contributory negligence in automobile collision cases were covered therein with sufficient accuracy. Also, therefrom it appears that the jury was admonished that all the instructions in the case were to be considered with and in the light of all the other instructions. In the case of *Hunter v. Greer*, 137 Kan. 772, 776, 22 P. 2d 489, we held:

"The instructions given should be considered as a whole, and it is not the rule to single out an instruction as defective because of a missing element if that element is found in another part of that instruction or in other instructions given in the case."

Instruction No. 14, while not entirely free from ambiguity, nevertheless, by reasonable construction, did not state the law incorrectly and the exception to the application of the instruction was sufficiently set forth in instruction No. 16. (See *Sweeney v. Merrill*, 38 Kan. 216, 16 Pac. 454; *Orr v. Hensy*, 158 Kan. 303, 147 P. 2d 749; and *Ray V. Allen*, 159 Kan. 167, 152 P. 2d 851.) We cannot agree with counsel for the plaintiff that the inclusion of the last paragraph of instruction No. 14 was the equivalent of directing a verdict for the defendants or that the giving thereof nullified the other instructions or that it was inconsistent and could not be harmonized with the language used in other instructions. Consequently, we cannot conclude that the rights of the plaintiff were prejudiced by the giving

of the last paragraph of the instruction No. 14 and therefore, the asserted error did not make it mandatory upon the court to grant a new trial.

2. The plaintiff also asserts that a new trial should be granted because the court failed to give two instructions requested by the plaintiff. The requested instructions pertain to the right of way at street intersections and to the effect of an ordinance concerning observance of traffic-light signals. Further examination of the given instructions convinces us that the court adequately covered the substance of the requested instructions in the instructions which were given. It has long been the rule that instructions need not be repeated and that requested instructions may rightly be refused when the subject matter thereof is covered by other instructions. See *Farmer v. Central Mut. Ins. Co.*, 145 Kan. 951, 67 P. 2d 511; and *Sams v. Commercial Standard Ins. Co.*, 157 Kan. 278, 139 P. 2d 859, from which case the following is quoted:

"This court has repeatedly held it is not error to refuse to give requested instructions, where the instructions given by the trial court cover the same ground." (p. 284.)

3. Another ground asserted in support of the motion for a new trial is that prejudicial error occurred in permitting the introduction of an affidavit made by one of the defendants' attorneys. When the case was called for trial the defendants filed a motion for continuance based upon the inability to secure the attendance of a material witness. At such time plaintiff's counsel objected to any continuance and asserted that an appointment which had been made to take the witness' deposition had been cancelled by the defendants. It was further shown that the witness had left town after being served with a subpoena. Upon such a showing being made, the court announced that it would grant a continuance unless the plaintiff's counsel would consent that the affidavit be used in the form of a deposition for the purpose of showing what the testimony of the absent witness would be if he were present. The record discloses that plaintiff's counsel thereupon stated:

"We will admit that the testimony set out in the affidavit is approximately what the man would give if he were here in person. Under the statute, in order to avoid a continuance it might be used as a deposition."

The objection now made to the affidavit is that it failed to comply with G. S. 1935, 60-2934, in that it did not contain a statement to the effect that the facts set forth in the affidavit were believed by

the affiant to be true. The statute does provide that the affidavit shall set forth "what facts he believes the witness will prove and that he [affiant] believes them to be true." The objection to the affidavit, however, was not made at the time of the trial. Obviously, the omitted matter could have been inserted if the objection had been made at that time. Moreover, the plaintiff had consented to the use of the affidavit as a deposition and thereby avoided a continuance of the case. In such circumstances the reading of the affidavit did not constitute reversible error or necessitate the granting of a new trial. (See *Bremen State Bank v. Loffler*, 121 Kan. 6, 245 Pac. 742, and cases therein cited; also *St. Louis Rubber Cement Co. v. Cooke*, 134 Kan. 38, 4 P. 2d 462.)

4. In support of the motion for a new trial the plaintiff introduced two affidavits. One affidavit, after setting forth some irrelevant and improper matter, concludes as follows:

"We were instructed to read instruction fourteen and it was read to us shortly after we retired to deliberate."

The other affidavit was made by the foreman of the jury and reads as follows:

"One of the attorneys had told us to be sure to read instruction fourteen. There were two others mentioned. When we got to the jury room instruction fourteen was read to the jury. It was the only one read, and I read it to the jury myself. After this instruction was read we all got started talking."

We have already decided herein that instruction No. 14 was not an improper instruction. Consequently, no reversible error occurred because a juror re-read a proper instruction. The plaintiff does not contend that the court did not read all of the instructions to the jury or that they were not all given to the jury in compliance with G. S. 1935, 60-2909. Obviously, counsel for the plaintiff could have urged the jury to read certain instructions which supported the plaintiff's theory of liability. The procedure did not become improper because the request was made by counsel for one of the parties and was not made by counsel for the other. Probably the affidavits were introduced in connection with the motion for a new trial for the purpose of emphasizing the effect which the asserted erroneous instruction had upon the jury, but the point becomes immaterial when the conclusion is reached that the instruction was not erroneous as a statement of law and could have been properly considered by the jury.

Counsel for the defendants contend upon this appeal that no

possible reversible error occurred in the trial of the case which affected the plaintiff's substantial rights because the court should have sustained the demurrer to the plaintiff's evidence and the motion for a directed verdict in behalf of the defendants. The argument is based upon the assertion that the record clearly discloses that both the plaintiff and her deceased husband were guilty of contributory negligence as a matter of law. Of course, we do not pass upon the point because of our conclusion that the jury was properly instructed. We have considered, however, additional arguments advanced by the plaintiff in support of the motion for a new trial and find that the same fail to establish that the plaintiff was not afforded a fair trial.

The judgment of the district court is affirmed.