No. 39,591

Roy Ward, *Appellee*, v. Daryl Davis, *Appellant*.

(281 P. 2d 1084)

Opinion filed April 9, 1955.

*Robert N. Partridge,* of Wichita, argued the cause and *George B. Powers, Samuel E. Bartlett, Carl T. Smith, John F. Eberhardt, Stuart R. Carter, Robert C. Foulston, Malcolm Miller,* and *Robert M. Siefkin,* all of Wichita, were with him on the briefs for the appellant.

*Roy H. Wasson,* of Wichita, argued the cause and was on the briefs for the appellee.

The opinion of the court was delivered by

Parker, J.: This was an action to recover for personal injuries and property damage sustained when a motor truck and an automobile collided at the intersection of two country roads. Issues were joined respecting negligence on the part of the driver of each vehicle and the case was tried by a jury which returned a verdict for the plaintiff. Upon the overruling of post trial motions the Honorable Clair E. Robb, then trial judge of Division No. 3, of the District Court of Sedgwick County, and now a member of this Court and therefore ineligible to participate in appellate review of his trial court rulings and decisions, approved the verdict and rendered judgment in accord therewith. Thereupon defendant appealed from the judgment and all intermediate rulings.

For reasons to be presently stated it would serve no useful purpose and add nothing to the body of our law to make detailed reference to the contentions advanced by the parties in their briefs and on oral arguments respecting the merits of this appeal. It suffices to say that after an extended conference regarding its disposition, at which all briefs and oral arguments were thoroughly discussed and carefully considered, three of the qualified members of this Court are of the opinion the judgment should be affirmed and three are convinced it should be reversed and the cause remanded to the Dis-

trict Court for a new trial. The established rule in this jurisdiction (See, e. g., *State, ex rel., v. Holsman,* 175 Kan. 476, 264 P. 2d 919) is that where one of the Justices is legally disqualified to participate in a decision of the issues raised on an appeal and the remaining six Justices are equally divided in their conclusions the judgment of the trial court must stand. Compliance with such rule, to which we adhere, requires an affirmance of the judgment and it is so ordered.