No. 40,613

PATRICIA BLASI, *Appellant,* v. MARLIN C. MILLER, a/k/a M. CLARE MILLER, *Appellee.*

(817 P. 2d 414)

*Opinion filed November 9, 1957.*

*Russ B. Anderson,* of McPherson, argued the cause, and *Archie T. Mac-Donald,* of McPherson, and *Robert L. NeSmith,* and *Justus H. Fugate,* both of Wichita, were with him on the briefs for the appellant.

George R. Lehmberg, of McPherson, and Hugh P. Quinn, of Wichita, argued the cause, and J. Rodney Rhoades, of McPherson, and Getto McDonald, William Tinker, Arthur W. Skaer, William Porter, and John E. Lancelot. all of Wichita, were with them on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, C. J.: This was an action to recover damages for personal injuries sustained at about 1:15 a. m. on March 11, 1956, in a collision between two motor vehicles at a point approximately one and one-half miles east of the City of Wichita on U. S. Highway 54. At the time of the accident the appellant (plaintiff), Patricia Blasi, was a passenger in an automobile operated by one Erple Byrd, which collided with the rear-end of an automobile operated by appellee (defendant), Marlin C. Miller, a/k/a M. Clare Miller, while both vehicles were proceeding in a westerly direction on such highway. Issues were joined in the district court of McPherson County respecting negligence on the part of all individuals mentioned and the case was tried by a jury which returned a verdict for the defendant. Upon the overruling of post trial motions the Honorable Alfred G. Schroeder, who was then trial judge of such court and is now ineligible to participate in appellate review of his trial court rulings and decisions because he is now a member of this court, approved the verdict and rendered judgment in accord therewith. Thereupon plaintiff appealed from such judgment and all intermediate rulings.

For reasons to be presently stated it would serve no useful purpose and add nothing to the body of our law to make detailed reference to the contentions advanced by the parties in their briefs and on oral argument respecting the merits of this appeal. It suffices to say that after an extended conference regarding its disposition, during which all briefs and oral arguments were thoroughly discussed and carefully considered three of the qualified members of this court are of the opinion the judgment should be affirmed and three are convinced it should be reversed and the cause remanded for a new trial.

The established rule of this jurisdiction (See, e. g., Ward v. Davis, 177 Kan. 629, 281 P. 2d 1084; State, ex rel., v. Holsman, 175 Kan. 476, 264 P. 2d 919; Holderman v. Hood, 67 Kan. 851, 73 Pac. 1132) is that where one of the Justices is legally disqualified to participate in a decision of the issues raised on an appeal and the remaining six

Justices are equally divided in their conclusions as to how such appeal should be disposed of the judgment of the trial court must stand. . Conformance with the rule, to which we adhere, requires an affirmance of the judgment.

It is so ordered.