No. 41,977

Floyd Scott, *Appellee,* v. Floyd L. Harber and James F. Finnegan, *Defendants,* and Dunbar Kapple, Inc., *Appellant.*

(358 P. 2d 723)

Opinion filed January 21, 1961.

*William Wagner,* of WaKeeney, argued the cause, and *Ernest J. Deines,* of WaKeeney, was with him on the brief for the appellant.

*Marion W. Chipman,* of Hill City, argued the cause, and *W. H. Clark* and *Kenneth Clark,* both of Hill City, were with him on the brief for the appellee.

The opinion of the court was delivered by

Price, J.: This is an action to recover for personal injuries and related damage arising out of a collision of motor vehicles. Plaintiff recovered a judgment against defendant, Dunbar Kapple, Inc., and that defendant has appealed.

For reasons presently to be stated, no useful purpose would be served by setting forth the many contentions advanced by the parties to this appeal. It suffices to say that one of the justices of this court is disqualified to participate in the case, and that following a careful and extended conference regarding its disposition three of the justices are of the opinion the judgment should be affirmed and the remaining three are of the opinion it should be reversed.

The general rule in this jurisdiction, and elsewhere, is that when one of the justices is disqualified to participate in a decision of issues raised in an appeal and the remaining six justices are equally divided in their conclusions the judgment of the trial court must stand. (*Holderman v. Hood,* 67 Kan. 851, 73 Pac. 1132; *State, ex rel., v. Holsman,* 175 Kan. 476, 264 P. 2d 919; *Ward v. Davis,* 177 Kan. 629, 281 P. 2d 1084; *Blasi v. Miller,* 181 Kan. 967, 317 P. 2d 414; 5B C. J. S., Appeal & Error, § 1844b, p. 252; 3 Am. Jur., Appeal and Error, § 1160, p. 671; *Rice v. Sioux City Cemetery,* 348 U. S. 880, 99 L. Ed. 693, 75 S. Ct. 122, and headnotes 2 and 5, same case on petition for rehearing, at 349 U. S. 70, 99 L. Ed. 897, 75 S. Ct. 614.) See also Art. 3, § 2(*a*), of our constitution, at p. xxii, G. S. 1959 Supp., which provides that the concurrence of four justices shall be necessary to a decision.

The judgment is therefore affirmed.