No. 54,477

Charles R. Thornton, *Appellant,* v. Victor L. Shore, *et al.,*
*Appellees.*

(654 P.2d 475)

Opinion filed
December 3, 1982.

*James E. Rumsey,* of Rumsey & Hooge, of Lawrence, argued the cause and was
on the brief for the appellant.

*Leslie A. Kulick,* assistant district attorney , argued the cause and *Robert T.
Stephan,* attorney general, was with her on the brief for the appellees.

*Per Curiam:* This is a wrongful death action. The trial court
granted Victor L. Shore a summary judgment prompting this
appeal. The available evidence discloses Victor Shore, a Univer-
sity of Kansas police officer, was parked on campus in a marked
patrol car during the early morning hours of November 18, 1979.
Shortly after 1:30 a.m. a blue 1978 Jeep driven by Donald Bender
passed, traveling approximately 35 miles per hour (m.p.h.) in a 20
m.p.h. zone. Shore pulled out and turned his red light on in an
attempt to stop the Jeep. Bender accelerated and as the Jeep began
to pull away Shore activated his siren. A high speed chase
followed.

Shore pursued Bender around the University of Kansas campus
and then through a residential area of Lawrence, remaining
one-half block behind throughout. During the chase Shore es-
timated he reached speeds of 55-60 m.p.h. As the Jeep entered the
intersection of 11th and Connecticut at an estimated speed of 70
m.p.h. it collided with a 1978 Chevrolet Monza driven by Ken-
neth McCue III. Both McCue and his passenger, Margie Thorn-
ton, died as a result of injuries suffered in the collision.

Bender, who had consumed beer and smoked marijuana during
the evening, was charged with involuntary manslaughter. K.S.A.
21-3404.

On August 7, 1980, Charles Thornton, father of Margie Thorn-
ton, filed a wrongful death action against Donald Bender, Victor
Shore and the estate of Kenneth McCue. Shore answered, assert-
ing immunity under the Kansas Tort Claims Act, K.S.A. 1981
Supp. 75-6104(c) and (m), which provide:

"A governmental entity or an employee acting within the scope of the employee's employment shall not be liable for damages resulting from:

. . . .

"(c) enforcement of or failure to enforce a law, whether valid or invalid, including, but not limited to, any statute, regulation, ordinance or resolution;

. . . .

"(m) failure to provide, or the method of providing, police or fire protection."

The appellant concluded these two sections did not apply to the instant case, so in January of 1981, he filed a motion for summary judgment against Shore. Shore in turn filed his own motion for summary judgment, alleging the appellant failed to state a claim for negligence and asserting immunity from suit under K.S.A. 1981 Supp. 75-6104(c) and (m). Shore for the first time also claimed he was immune from suit under K.S.A. 1981 Supp. 75-6104(d), which grants governmental immunity in:

"any claim based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a governmental entity or employee, whether or not the discretion be abused."

At the time the motions for summary judgment were filed very little discovery concerning the case had been completed. Only a few interrogatories had been filed and answered. Nevertheless, on March 5, 1981, the trial court ruled on the motions. Stating there was "nothing in the record to suggest that the officer did not have due regard for the safety of all persons," the trial court held Shore was immune under K.S.A. 1981 Supp. 75-6104(d). This appeal followed.

The general rule in this jurisdiction, and elsewhere, is that when one of the justices is disqualified to participate in a decision of issues raised in an appeal and the remaining six justices are equally divided in their conclusions the judgment of the trial court must stand. *State, ex rel. v. Hill,* 223 Kan. 425, 573 P.2d 1078 (1978); *Scott v. Harber,* 187 Kan. 542, 358 P.2d 723 (1961); *Blasi v. Miller,* 181 Kan. 967, 317 P.2d 414 (1957); *Ward v. Davis,* 177 Kan. 629, 281 P.2d 1084 (1955); *State, ex rel. v. Holsman,* 175 Kan. 476, 264 P.2d 919 (1953); *Holderman v. Hood,* 67 Kan. 851, 73 Pac. 1132 (1903); 5 Am. Jur. 2d, Appeal & Error § 902, pp. 338-39; 5B C.J.S., Appeal & Error § 1844b, p. 252. See also Kansas Constitution, Art. 3, § 2, which provides that the concurrence of four justices shall be necessary to a decision.

Chief Justice Schroeder, Justice Miller and Justice McFarland would affirm and Justice Prager, Justice Holmes and Justice Herd would reverse.

The judgment of the trial court is therefore affirmed by an equally divided court.

FROMME, J., not participating.