No. 58,016

James E. Paulsen, Jr., *Appellant/Cross-Appellee*, v. Unified School District No. 368 and LeRoy C. Detwiler, *Appellees/ Cross-Appellants*.

(717 P.2d 1051)

Opinion filed May 2, 1986.

*Lynn E. Martin*, of the Law Office of Lynn E. Martin, of Paola, argued the cause and *David L. Miller*, of the same firm, was with him on the briefs for appellant/cross-appellee James E. Paulsen, Jr.

*Lee H. Tetwiler*, of Bishop & Lee, of Paola, argued the cause and was on the brief for appellee/cross-appellant U.S.D. No. 368.

*Karl V. Shawver, Jr.*, of Shawver & Shawver, of Paola, argued the cause and was on the brief for appellee/cross-appellant LeRoy C. Detwiler.

*Per Curiam*: Plaintiff, James E. Paulsen, Jr., brought a personal injury action against his woodworking teacher and U.S.D No. 368 for injuries he sustained while operating a table saw in his woodworking class. Paulsen claimed his teacher had failed to: (1) properly instruct on safe use of the saw; (2) keep the saw in proper working condition; and (3) properly supervise the classroom. He contended that U.S.D. No. 368 had failed to: (1) properly supervise the teacher, and (2) provide a reasonably safe environment for the students. Each of the defendants moved for a directed verdict after the plaintiff had completed his presentation of evidence to the jury. The district court granted the defendants' motions after finding that they had breached no duty to the plaintiff.

On February 10, 1982, the plaintiff, James E. Paulsen, Jr., was enrolled in an advanced woodworking class at Paola High School, U.S.D. No. 368. The class was taught by the defendant, Leroy C. Detwiler. Paulsen was working on a project that day which required him to cut several boards. Twenty minutes prior to when Paulsen attempted to use an Oliver table saw, the instructor replaced the saw's blade and left the safety guard lying on the floor beside the table saw. Using the table saw without the safety guard, Paulsen cut several boards and then attempted to reach around with his right hand and remove a scrap of wood that

was near the saw blade. His hand came into contact with the blade, resulting in severe lacerations to several of his fingers.

Detwiler, who was in the classroom, immediately came to Paulsen's assistance. Paulsen was taken to Miami County Hospital where a doctor contacted a specialist in Kansas City. He was then transported to Shawnee Mission Medical Center where he had surgery on his hand.

Paulsen's injuries required additional operations, and he still has problems with the injured hand. Paulsen filed this action against the school district and Detwiler. The jury trial was held February 24, 1985. Following the presentation of the plaintiff's case both defendants moved for a directed verdict, which the district judge granted. The plaintiff appeals and both defendants cross-appeal, all claiming that the trial judge committed numerous errors during the trial.

The district court first determined that defendant Detwiler owed the plaintiff a duty to properly supervise him and that the defendant school district owed the plaintiff a duty to supervise the defendant Detwiler and to provide a reasonably safe environment for the students enrolled in the classes in Unified School District No. 368.

The district court held that the defendants had not breached those duties and granted the motions for a directed verdict. Paulsen contends that the court erred in granting the motions, because there was evidence that the defendants had breached their duties.

Paulsen had taken a beginning woodworking class the previous year where he was instructed in the proper use of power tools. That class spent four to six weeks discussing safe use of the tools, and two of those weeks were spent on the Oliver table saw. Paulsen had passed a test on safe use of the saw. During his second year of woodworking, Paulsen was again instructed on the safe use of the table saw and again passed a test on safety prior to use of the equipment.

Evidence showed that the instructor failed to enforce the safety rule that the table saw not be used without the safety guard. Detwiler had no particular rules or policies as to using the saw without the guard, although he testified that he "tried to oversee it" when students were using it without a guard. He had taught all the students, including Paulsen, how to put the guard

on and take it off. Even though Detwiler testified that the table saw was the most dangerous piece of equipment the students used, it was his belief that it was often safer to use the table saw without the safety guard. Detwiler knew students were using the table saw without the guard, but did not stop students from doing so.

During the class period in which Paulsen was injured, Detwiler had removed the guard to replace the blade. He did not replace the guard on the table saw after changing blades. Instead, he left the guard lying on the floor next to the saw. A short time later, Paulsen began using the saw without the guard in place and was injured.

There was also evidence that the instructor did not enforce safety requirements for students using the table saw, indicating a lack of supervision of the students by the teacher.

The general rule in this jurisdiction, and elsewhere, is that when one of the justices is disqualified to participate in a decision of issues raised in an appeal and the remaining six justices are equally divided in their conclusions, the judgment of the trial court must stand. *Thornton v. Shore,* 232 Kan. 394, 654 P.2d 475 (1982); *State, ex rel. v. Hill,* 223 Kan. 425, 573 P.2d 1078 (1978); *Scott v. Harber,* 187 Kan. 542, 358 P.2d 723 (1961); *Blasi v. Miller,* 181 Kan. 967, 317 P.2d 414 (1957). See also Kansas Constitution, Art. 3, § 2, which provides that the concurrence of four justices shall be necessary to a decision.

Chief Justice Schroeder, Justice Holmes and Justice McFarland would affirm and Justice Prager, Justice Herd and Justice Lockett would reverse.

The judgment of the trial court is therefore affirmed by an equally divided court.

MILLER, J., not participating.