**Alexander GREIDER, a minor By and Through his Father and Next Friend, Timothy D. GREIDER, Plaintiff,**

v.

**SHAWNEE MISSION UNIFIED SCHOOL DISTRICT #512, JOHNSON COUNTY, STATE OF KANSAS Mark Isenberg, Defendants.**

Civ. A. No. 87–2111–S.

United States District Court, D. Kansas.

March 17, 1989.

David R. Morris, G. Gordon Atcheson, Shamberg, Johnson, Bergman & Goldman, Chartered, Overland Park, Kan., for plaintiff.

Keith Martin, Payne & Jones, Chartered, Overland Park, Kan., for defendants.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on defendants' motion for summary judgment, plaintiff's motion for a partial summary judgment, and defendants' motion in limine.

The uncontroverted facts for purposes of these motions are as follows.

In the fall of 1985, plaintiff Alexander Greider ("Greider") was an eighth grader at Trail Ridge Junior High. He was enrolled in an industrial arts class taught by defendant, Mark Isenberg ("Isenberg") and was injured in that class while using a table saw. Greider had been classified by the defendant school district as a behaviorally disturbed child and therefore "handicapped" under the Education for All Handicapped Children Act of 1975 ("EHA"), 20 U.S.C. § 1401 *et seq.* Since Greider was a "handicapped" child, the district was required by the EHA to develop an Individual Education Program ("IEP") for Greider in consultation with his parents. School representatives and the student's parents meet once a year to review the IEP. The annual review of the IEP is not designed to determine individual courses into which a handicapped student will be placed. A special education teacher was to decide into which "regular" classes the handicapped student should be enrolled.

One of the special education teachers at Trail Ridge Junior High determined that Greider should be enrolled in Isenberg's woodworking class. The special education instructor claims she notified Isenberg that Greider was a special education student, and further advised him of Greider's particular problems and needs. However, Isenberg does not recall receiving any such notice.

While in Isenberg's woodworking class, Greider severely injured his hand on a table saw. He now brings suit by and through his father and next friend, Timothy D. Greider, contending the school district and Isenberg were negligent in several regards. He contends that defendants failed to take reasonable steps to protect his safety. According to Greider, those failures included placing him in the class despite his behavioral disturbance, failing to properly notify Isenberg of his enrollment in the class and of his particular problems and needs, failing to properly instruct plaintiff on safety procedures while taking into consideration his behavioral disturbance, and

failing to provide proper guards and warnings on the table saw. Further, Greider contends defendants were negligent in failing to properly supervise Greider's activities in the woodworking class.

In their motion for summary judgment, defendants argue that all actions of which plaintiff complains were discretionary in nature and that they are therefore entitled to immunity under the Kansas Tort Claims Act, K.S.A. 75–6101 *et seq.* ("KTCA").

A moving party is entitled to summary judgment only when the evidence indicates that no genuine issue of material fact exists. Fed.R.Civ.P. 56(c); *Maughan v. SW Servicing, Inc.,* 758 F.2d 1381, 1387 (10th Cir.1985). An issue of fact is "material" only when the dispute is over facts that might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The requirement of a "genuine" issue of fact means that the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* Thus, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Id.* The court must consider factual inferences tending to show triable issues in the light most favorable to the existence of those issues. *United States v. O'Block,* 788 F.2d 1433, 1435 (10th Cir.1986). The court must also consider the record in the light most favorable to the party opposing the motion. *Bee v. Greaves,* 744 F.2d 1387, 1396 (10th Cir. 1984), *cert. denied,* 469 U.S. 1214, 105 S.Ct. 1187, 84 L.Ed.2d 334 (1985). The language of Rule 56(a) mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

The KTCA is applicable to school districts and their employees. *See* K.S.A. 75–6102(b), (c), (d). K.S.A. 75–6104 provides:

A governmental entity or an employee acting within the scope of the employee's employment shall not be liable for damages resulting from ... (e) any claim based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a governmental entity or employee, whether or not the discretion is abused and regardless of the level of discretion involved.

The Kansas Supreme Court most recently discussed the discretionary function exception to the KTCA in the case *Dougan v. Rossville Drainage Dist.,* 243 Kan. 315, 757 P.2d 272 (1988). The supreme court in that case stated the general doctrine that under the KTCA, "liability is the rule and immunity is the exception." *Id.* at 318, 757 P.2d at 275. No workable definition of "discretionary" is provided by the statute or the case law. However, the court's discussion of a line of Kansas cases dealing with the discretionary exception provides some guidance in this case. The court cited *Hopkins v. State,* 237 Kan. 601, 702 P.2d 311 (1985) for the general rule that "[t]he discretionary function exception is available only when no mandatory duty or guidelines exis[t]." *Dougan,* 243 Kan. at 323, 757 P.2d at 278 (citing *Hopkins,* 237 Kan. at 610, 702 P.2d at 318). The line of Kansas cases cited in *Dougan* also rely upon the presence or absence of a legal duty in deciding whether the discretionary function exception should be applicable *Dougan,* 243 Kan. at 323, 757 P.2d at 278. The court in *Dougan* further referred to a Tenth Circuit case interpreting identical language in the Federal Tort Claims Act; *see Barton v. United States,* 609 F.2d 977 (10th Cir.1979). The court determined that the discretionary function exception was available only when there was "no clearly defined mandatory duty." *Dougan,* 243 Kan. at 323, 757 P.2d at 278. "[I]f a government official in performing his statutory duties must act without reliance upon a fixed or readily ascertainable standard, the decision he makes is discretionary and within the exception." *Barton,* 609 F.2d at 979.

Thus, in the present case, the school board is entitled to immunity only if its actions were not governed by any "readily ascertainable standard," or no legal duty to act in a certain manner existed. The burden is on the defendants to establish their entitlement to the exception. *Hopkins*, 237 Kan. at 609, 702 P.2d at 317–18. The Kansas Supreme Court has never addressed the question of whether public schools and teachers owe a duty to properly supervise students and to take reasonable steps to protect students' safety. However, it is likely that the court would recognize such a duty if the question were presented to it. This is apparent from dicta in at least two cases. *See Paulsen v. Unified School District No. 368*, 239 Kan. 180, 717 P.2d 1051 (1986) (court assumed that a duty to properly supervise and provide a safe environment to students existed, but affirmed the trial court's dismissal on the grounds that no breach of the duty had been shown); *Sly v. Board of Education*, 213 Kan. 415, 516 P.2d 895 (1973) (court assumed that the duty to exercise due care for students existed and affirmed the trial court's finding that no evidence of breach of the duty existed). The duty is generally recognized in those jurisdictions which have addressed the question. *See* Annotation, *Tort Liability of Public Schools and Institutions of Higher Learning for Injuries Resulting from Lack or Insufficiency of Supervision*, 38 A.L.R. 3d 830 (1971).

The court finds that the defendants here were under a legal duty to properly supervise Greider in the woodworking class and to take reasonable steps to protect his safety. Reasonable steps would at least include properly instructing him on safety procedures and providing proper guards and warning signs on the table saw on which he was injured. Such matters were not "discretionary" and the defendants are not entitled to immunity.

Defendants do contend that they are entitled to immunity concerning their decision to place Greider in the woodworking class and to notify defendant Isenberg of his presence there and his special needs and problems. 34 C.F.R. § 300, App. C(17)(c) requires that a child's "regular" teachers should be informed of the child's IEP. Since the district was under a legal duty to notify Isenberg, the district would not be entitled to immunity if it failed in this duty. Finally, the court finds that in assigning Greider to the woodworking class, the school district had a duty to take into consideration Greider's safety. This of course would include determining whether Greider could safely operate the power tools in the class, despite his behavioral disorder. This is a minimal duty it would owe to any student, whether handicapped or not. Thus, the discretionary function exception does not apply in this instance, and defendants are not entitled to immunity under the KTCA. Accordingly, defendants' motion for summary judgment will be denied and plaintiff's motion for summary judgment on the issue of the applicability of the KTCA will be granted.

Further, defendants' motion in limine will be denied. Defendants seek to exclude from trial any reference to plaintiff's handicapped status or the formulation or implementation of Greider's IEP. While the court acknowledges that this is not an action under the EHA,* the jury must be allowed to consider all relevant factors the defendants should have properly considered to protect Greider's safety. A student's behavioral disorder could be relevant to this determination. Therefore, the motion in limine will be denied.

IT IS BY THE COURT THEREFORE ORDERED that defendants' motion for summary judgment is denied. IT IS FURTHER ORDERED that plaintiff's motion for partial summary judgment is granted. IT IS FURTHER ORDERED that defendants' motion in limine is denied.

---

\* The parties agree this action is purely one for common law negligence and is not an action for relief directly under the EHA. Accordingly, plaintiff's motion for partial summary judgment concerning the inapplicability of the review procedures provided under the EHA will be granted.