IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 122,252

STATE OF KANSAS,
*Appellee*,

v.

CARRODY M. BUCHHORN,
*Appellant*.

SYLLABUS BY THE COURT

When one of the justices is disqualified to participate in a decision of the issues raised in an appeal or petition for review, and the remaining six justices are equally divided as to the proper disposition of the issues on appeal or review, the judgment of the court from which the appeal or petition for review is made must stand.

Review of the judgment of the Court of Appeals in an unpublished opinion filed August 13, 2021. Appeal from Douglas District Court; SALLY D. POKORNY, judge. Opinion filed August 19, 2022. Judgment of the Court of Appeals reversing the district court stands. Judgment of the district court is reversed, and the case is remanded with directions.

*William J. Skepnek*, of The Skepnek Law Firm, P.A., of Lawrence, argued the cause, and *Keynen J. (K.J.) Wall*, *Russell J. Keller*, and *Quentin M. Templeton*, of Forbes Law Group, LLC, of Overland Park, and *Stephan L. Skepnek*, of The Sader Law Firm, of Kansas City, Missouri, and *Kevin Babbit*, of Fagan & Emert, LLC, of Lawrence, were with him on the briefs for appellant.

*Kris Ailslieger*, deputy solicitor general, argued the cause, and *Emma C. Halling*, assistant district attorney, *Kate Duncan Butler*, assistant district attorney, *Joshua David Seiden*, deputy district attorney, *Charles E. Branson*, former district attorney, *Suzanne Valdez*, district attorney, and *Derek Schmidt*, attorney general, were on the briefs for appellee.

1

PER CURIAM:  This matter involves a child who died unexpectedly at the home daycare where Carrody M. Buchhorn worked. After the Douglas County coroner ruled the child's death was instantaneous and caused by a blow to the head, a jury convicted Buchhorn of second-degree murder. A Court of Appeals panel reversed Buchhorn's conviction and remanded for a new trial because her trial counsel's constitutionally deficient performance prejudiced her right to a fair trial. This court granted review.

Justice Wall took no part in this review because of his prior connection with the case while in private practice before joining the Supreme Court. The remaining six members of the court are equally divided on how the issues on review should be decided. We stated the applicable rule in *Paulsen v. U.S.D. No.* 368, 239 Kan. 180, 182, 717 P.2d 1051 (1986):

> "The general rule in this jurisdiction, and elsewhere, is that when one of the justices is disqualified to participate in a decision of issues raised in an appeal and the remaining six justices are equally divided in their conclusions, the judgment of the trial court must stand. [Citations omitted.] See also Kansas Constitution, Art. 3, § 2, which provides that the concurrence of four justices shall be necessary to a decision."

The court being equally divided, the judgment of the Court of Appeals, the court from which review is sought, reversing the district court and remanding with directions stands. Buchhorn's cross-petition for review is dismissed as moot.

WALL, J., not participating.