IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 124,946

JEANNINE WILLIAMS-DAVIDSON and JEFFREY DAVIDSON,
*Appellants*,

v.

DR. NASON LUI, STORMONT-VAIL HEALTHCARE, INC.,
STORMONT-VAIL, INC., d/b/a COTTON-O'NEIL, and OTHER DOE CORPORATIONS,
*Appellees.*

SYLLABUS BY THE COURT

When an appellate court is equally divided, the lower court's ruling stands.

Review of the judgment of the Court of Appeals in an unpublished opinion filed July 28, 2023. Appeal from Douglas District Court; JAMES R. MCCABRIA, judge. Oral argument held January 31, 2024. Opinion filed March 8, 2024. Judgment of the Court of Appeals reversing the district court stands. Judgment of the district court is reversed, and the case is remanded with directions.

*Jason W. Belveal*, of Belveal Law Office Inc., of Holton, argued the cause and was on the briefs for appellants.

*Cynthia J. Sheppeard*, of Goodell, Stratton, Edmonds & Palmer, LLP, of Topeka, argued the cause, and *Cameron S. Bernard*, of the same firm, was with her on the briefs for appellees.

PER CURIAM: Jeannine Williams-Davidson went to Stormont-Vail Hospital in Topeka to have an adrenal gland removed, but Dr. Nason Lui removed part of her pancreas instead. Another procedure and an extended hospital stay were required. The hospital allegedly charged Williams-Davidson for both surgeries, her extra hospital stay,

1

and all follow-up care. About two years later, she and her husband sued Dr. Lui and the hospital for medical malpractice, other common-law claims, and violations of the Kansas Consumer Protection Act, K.S.A. 50-623 et seq.

Because jurors and lay witnesses are not conversant with medical science, Kansas courts have long required a plaintiff to offer expert testimony to support a medical-malpractice allegation. See *Puckett v. Mt. Carmel Regional Med. Center*, 290 Kan. 406, Syl. ¶ 17, 228 P.3d 1048 (2010); *Tefft v. Wilcox*, 6 Kan. 46, 59, 1870 WL 458 (1870). But because medical professionals do not have "a monopoly on common sense," Kansas courts have also long recognized a "common knowledge exception," which allows a plaintiff to proceed without expert testimony. *Webb v. Lungstrum*, 223 Kan. 487, 490, 575 P.2d 22 (1978); see *Pettigrew v. Lewis*, 46 Kan. 78, 81-82, 26 P. 458 (1891). That exception applies when the "diagnosis, treatment, and care of a patient is so obviously lacking in reasonable care and the results are so bad that the lack of reasonable care would be apparent to and within the common knowledge and experience" of an average person. *Webb*, 223 Kan. at 490.

Williams-Davidson and her husband believed the common-knowledge exception applied, so they pursued their claims without retaining an expert witness. The district court disagreed and granted summary judgment to the defendants. But on appeal, a majority of a Court of Appeals panel held that the exception applied to Dr. Lui's removal of the wrong organ. In the panel majority's view, "when a surgeon misidentifies and removes a healthy organ, leaving the organ intended to be operated on untouched, the outcome is so patently bad that the lack of reasonable care can be apparent and within the common knowledge of a layperson to establish a breach of the standard of care." *Williams-Davidson v. Lui*, No. 124,946, 2023 WL 4832666, at *9 (Kan. App. 2023) (unpublished opinion). The panel majority therefore reversed the district court's order and remanded for further proceedings. 2023 WL 4832666, at *11-12.

The defendants petitioned our court for review. They argued that the panel majority had erred by applying the common-knowledge exception and by remanding rather than evaluating other challenges the defendants had raised. Justice Rosen recused from any participation. We granted review, but we are equally divided. Justice Biles, Justice Wall, and Justice Standridge would vote to affirm the panel majority and reverse the district court's order granting summary judgment to the defendants. Chief Justice Luckert, Justice Stegall, and Justice Wilson would vote to reverse the panel's decision and affirm the district court's judgment. When an appellate court is equally divided, the lower court's ruling stands. See *State v. Buchhorn*, 316 Kan. 324, 325, 515 P.3d 282 (2022); see also Kan. Const. art. 3, § 2 ("[T]he concurrence of a majority of the justices sitting and of not fewer than four justices shall be necessary for a decision.").

Judgment of the Court of Appeals reversing the district court stands. Judgment of the district court is reversed, and the case is remanded with directions.

ROSEN, J., not participating.