IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 98,433

STATE OF KANSAS,
*Appellee*,

v.

KENNETH E. FROST,
*Appellant*.

SYLLABUS BY THE COURT

When one of the justices of the Supreme Court is disqualified to participate in a decision of the issues raised in an appeal or petition for review, and the remaining six justices are equally divided as to the proper disposition of the appeal, the judgment of the court from which the appeal or petition for review is made must stand.

Review of the judgment of the Court of Appeals in an unpublished opinion filed July 31, 2009. Appeal from Johnson District Court; STEPHEN R. TATUM, judge. Oral argument held May 17, 2023. Opinion filed October 4, 2024. Judgment of the Court of Appeals affirming the district court stands. Judgment of the district court is affirmed.

*David Scott Patrzykont*, of David S. Patrzykont, Attorney at Law, P.A., of Kansas City, argued the cause, and *Gerald E. Wells*, of Jerry Wells Attorney-at-law, of Lawrence, and *Lydia Krebs*, of Kansas Appellate Defender Office, were with him on the briefs for appellant, and *Kenneth Frost*, appellant, was on a supplemental petition for review pro se.

*Kendall S. Kaut,* assistant district attorney, argued the cause, and *Steven J. Obermeier*, assistant district attorney, *Shawn E. Minihan*, assistant district attorney, *Phill Kline*, former district attorney, *Stephen M. Howe*, district attorney, *Steve Six*, former attorney general, and *Derek Schmidt*, attorney general, were with him on the briefs for appellee.

1

PER CURIAM: Kenneth E. Frost challenges a 2009 Court of Appeals' decision affirming his conviction of aggravated indecent liberties with a child for acts that took place more than 20 years ago. Frost has pursued a series of post-conviction proceedings in state and federal court following that 2009 decision. Through these filings, Frost has argued his trial attorney, the attorney who represented him in posttrial proceedings in the district court, and his appellate attorney were ineffective. He also contends the prosecutor erred during arguments to the jury.

He first raised his claims of ineffective assistance of counsel in the district court by filing a motion for new trial. After a hearing, the court denied his motion. Frost then appealed to the Court of Appeals, raising his ineffective assistance of counsel claim, prosecutorial misconduct, and other issues. The Court of Appeals affirmed the district court. *State v. Frost*, No. 98,433, 2009 WL 2371007, at *3-12 (Kan. App. 2009) (unpublished opinion). This court denied review of the decision on September 7, 2010.

Frost then sought relief in federal court. He was again unsuccessful in both the district court, *Frost v. McKune*, No. 11-3170-SAC, 2013 WL 812153, at *2 (D. Kan. 2013) (unpublished opinion), and in appealing that decision, *Frost v. Pryor*, 749 F.3d 1212, 1227 (10th Cir. 2014). Within one year of the Tenth Circuit's decision, Frost filed a pro se motion under K.S.A. 60-1507 in Johnson County District Court.

In that proceeding, the district court judge held (among other things) that Frost's appellate counsel was ineffective for not including certain issues in Frost's petition that asked this court to review the Court of Appeals 2009 decision affirming his conviction. As a remedy, the court allowed Frost to file a new petition for review. Frost filed a motion with this court, and Justice Melissa Standridge, who was a Court of Appeals judge on the panel that decided the 2009 Court of Appeals decision, recused from consideration of any action by this court. The remaining six members of the court voted to withdraw its 2010 mandate in Frost's direct appeal from his convictions, allowed Frost

to file a new petition for review, and allowed Frost to file a pro se supplemental petition for review.

We granted review of both petitions and considered the merits of the arguments raised. The remaining six members of the court are equally divided as to the proper disposition of this appeal. Chief Justice Luckert and Justices Stegall and Wilson would affirm the Court of Appeals decision. Justices Rosen, Biles, and Wall would reverse and grant a new trial.

Since the Supreme Court is equally divided in this case, the judgment of the Court of Appeals affirming the district court stands. *Williams-Davidson v. Lui,* 318 Kan. 491, 492, 544 P.3d 854 (2024). As we explained in *State v. Buchhorn*, 316 Kan. 324, 325, 515 P.3d 282 (2022) (quoting *Paulsen v. U.S.D. No.* 368, 239 Kan. 180, 182, 717 P.2d 1051 [1986]):

> "'The general rule in this jurisdiction, and elsewhere, is that when one of the justices is disqualified to participate in a decision of issues raised in an appeal and the remaining six justices are equally divided in their conclusions, the judgment of the trial court must stand. [Citations omitted.] See also Kansas Constitution, Art. 3, § 2, which provides that the concurrence of four justices shall be necessary to a decision.'"

The court being equally divided, the judgment of the Court of Appeals affirming the district court stands. The district court is affirmed.

STANDRIDGE, J., not participating.